| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>EASTERN DIVISION | |
| Robert Beavers, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Shima Limousine Services, Inc. and Michelle Carothers,<br><br>Defendants. | No. _____<br><br>**COLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201,** *et seq.* |

Plaintiff, Robert Beavers ("Plaintiff Beavers"), individually and on behalf of all others similarly situated, and by and through the undersigned attorneyas sues the Defendants, Shima Limousine Services, Inc. ("Defendant Shima Limo"), and Michelle Carothers ("Defendant Carothers") and alleges as follows:

**PARTIES**

1. At all material times, Plaintiff Beavers is an individual residing in Lake County, Ohio.

2. Plaintiff Beavers brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

3. The Collective Members are all current and former chauffeurs who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

-1-

4. At all material times, Defendant Shima Limo was a corporation duly licensed to transact business in the State of Ohio. Defendant Shima Lima does business, has offices, and/or maintains agents for the transaction of its customary business in Lake County, Ohio.

5. At all relevant times, Plaintiff Beavers and the Collective Members were employees of Defendant Shima Limo. At all relevant times, Defendant Shima Limo, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Beavers' and the Collective Members' employment with Defendant Shima Limo. In any event, at all relevant times, Defendant Shima Limo was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff Beavers and the Collective Members.

6. At all relevant times, Defendant Carothers owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Shima Limo. At all relevant times, Defendant Carothers had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Beavers' and the Collective Members' employment with Defendant Shima Limo. In any event, at all relevant times, Defendant Carothers was an employer subject to the FLSA and employed Plaintiff Beavers and the Collective Members.

7. Upon information and belief, Defendants were and continue to be residents of Lake County, Ohio.

6. At all relevant times, Plaintiffs were "employees" of Defendant Shima Limo and Defendant Carothers as defined by the FLSA, 29 U.S.C. § 203(e)(1).

7. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant Shima Limo and Defendant Caothers.

8. At all relevant times, Defendant Shima Limo and Defendant Carothers were and continue to be employers as defined by the FLSA, 29 U.S.C. § 203(d).

9. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

10. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **BACKGROUND**

10. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA and Ohio minimum wage laws, any employer engaged in commerce must pay its employees a minimum wage not less than $8.10 per hour. See 29 U.S.C. § 206(a).

Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a).

## **NATURE OF THE CLAIM**

11. Defendants own and/or operate Shim Limousine Services, Inc., an enterprise located in Lake County, Ohio.

12. Plaintiff Beavers was employed by Defendants from approximately February 1, 2016 through approximately November 30, 2017 as a driver. At all material times during his employment with Defendants, Plaintiff Beavers was non-exempt from the FLSA's overtime requirements.

13. At all material times during their employment with Defendants, the Collective Members were non-exempt from the FLSA's overtime.

14. During each and every workweek during which Defendants employed Plaintiff Beavers and the Collective Members, Plaintiff Beavers and the Collective Members were often not paid on an hourly basis and were instead paid on a "per run" basis in which they were paid approximately $12.00 to $18.00 for each ride that was assigned to them throughout Plaintiffs Beavers' and the Collective Members' workday.

15. If Plaintiff Beavers or the Collective Members were not compensated by Defendants on a "per run" basis, and they were instead paid hourly, Defendants generally compensated Plaintiff Beavers and the Collective Members at a rate of approximately $7.00 per hour which less than both the Federal and Ohio minimum wage.

16. As a result of Defendants' failure to pay Plaintiff Beavers and the Collective Members minimum wage, Defendants have violated 29 U.S.C. § 206(a).

17. For the entire duration of Plaintiff Beavers' and the Collective Members' employment with Defendants, Defendants had a consistent policy and practice of requiring Plaintiff Beavers and the Collective Members to work well in excess of forty (40) hours per week without paying Plaintiff Beavers and the Collective Members time and a half for hours worked over forty (40) hours per week.

18. In a given workweek, and during each and every workweek during which Plaintiff Beavers and the Collective Members worked for Defendants, Plaintiff Beavers and the Collective Members worked in excess of 40 hours without being compensated one-and-one-half times their regular rate of pay.

19. As a result of Defendants' failure to pay time and a half to Plaintiff Beavers and the Collective Members for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

20. Plaintiff Beavers and the Collective Members were non-exempt employees.

21. Plaintiff Beavers and the Collective Member were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

22. Plaintiff Beavers' and the Collective Members' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

23. From the beginning of Plaintiff Beavers' and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

24. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Beavers and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Beavers' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

25. Defendants refused and/or failed to properly disclose to or apprise Plaintiff Beavers and the Collective Members of their rights under the FLSA.

26. Plaintiff Beavers has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff Beavers and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

28. Plaintiff Beavers brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former drivers employed by Defendants.

29. Defendants subjected all of their drivers, including Plaintiff Beavers and the Collective Members, to their policy and practice of not paying their drivers minimum wage and not paying one and one half times their regular rates of pay for time they spent

working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 206(a) and 207(a).

30. At all times material, Plaintiff Beavers and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff Beavers and the Collective Members to their policy and practice of not paying their drivers full minimum wage and not paying one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 206(a) and 207(a).

31. Plaintiff Beavers' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff Beavers is identical or substantially similar.

32. The Collective Members perform or have performed the same or similar work as Plaintiff Beavers.

33. Defendants' failure to pay full minimum wage or overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff Beavers or the Collective Members.

34. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts.

Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

35. As such, Plaintiff Beavers brings his FLSA minimum wage and overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former drivers who were not paid minimum wage and were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, starting <u>three years before this lawsuit was filed up to the present</u>.**

36. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

37. Defendants are aware or should have been aware that federal law prohibited them from not paying their drivers–namely, Plaintiff Beavers and the Collective Members – minimum wage and an overtime premium wage for time spent working in excess of 40 hours per given workweek.

38. Defendants' unlawful conduct has been widespread, repeated, and consistent.

39. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

40. Upon information and belief, the individuals similarly situated to Plaintiff Beavers include more than thirty (30) employees currently and/or formerly employed by

Defendants, and Plaintiff Beavers is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

41. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

**DAMAGES**

42. Plaintiff Beavers and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

43. Plaintiff Beavers and the Collective Members are entitled to recover minimum wage and overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one and one half times their regular rates of pay.

44. Plaintiff Beavers and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

45. Plaintiff Beavers and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE AND/OR REFUSAL TO PAY MINIMUM WAGE**

46. Plaintiff Beavers and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

47. During each and every workweek during which Defendants employed Plaintiff Beavers and the Collective Members, they were not paid on an hourly basis and were instead paid on a "per run" basis in which they was paid approximately $12.00 to $18.00 for each ride that was assigned to them throughout their workday.

48. For the entire duration of Plaintiff Beavers' and the Collective Members' employment with Defendants, Plaintiff Beavers and the Collective Members would work 12 to 18 hours a day for 5 to 7 days per week. In many instances, the "per run" pay at which Defendants compensated Plaintiff Beavers and the Collective Members was not sufficient to constitute minimum wage.

49. If Plaintiff Beavers or the Collective Members were not compensated by Defendants on a "per run" basis, and they were instead paid hourly, Defendants generally compensated Plaintiff Beavers and the Collective Members at a rate of approximately $7.00 per hour which less than both the Federal and Ohio minimum wage.

50. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff Beavers and the Collective Members minimum wage according to the provisions of the FLSA and Ohio law.

51. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 206.

52. Although at this stage, Plaintiff Beavers and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff Beavers and the Collective Members believe that such information will become available during

the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

53. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Beavers and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Beavers' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

54. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Beavers and the Collective Members a wage equal to minimum wage.

55. As a result of Defendants failure or refusal to pay Plaintiff Beavers and the Collective Members a wage equal to minimum wage for all hours worked by Plaintiff Beavers and the Collective Members, Defendants violated 29 U.S.C. § 206(a). Plaintiff Beavers and the Collective Members are therefore entitled to compensation of minimum wage for all hours worked by Plaintiff Beavers and the Collective Members, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

56. **WHEREFORE**, Plaintiff Beavers and the Collective Members request that this Court enter Judgment against Defendants Shima Limousine Services, Inc. and Defendant Michelle Carothers, in their favor:

    a. Awarding Plaintiff Beavers and the Collective Members minimum wage compensation in the amount due to them for all of their time worked while working at Shima Limousine Services , Inc.

  b. Awarding Plaintiff Beavers and the Collective Members liquidated damages in an amount equal to the minimum wage award;

  c. Awarding Plaintiff Beavers and the Collective Members reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  d. For Plaintiff Beavers' and the Collective Members' costs incurred in this action;

  e. Awarding Plaintiff Beavers and the Collective Members pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  f. Awarding Plaintiff Beavers and the Collective Memberss post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

  g. For such other and further relief as the Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS

57. Plaintiff Beavers and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

58. Defendants did not inform Plaintiff Beavers and the Collective Members of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

59. As a result, Defendants were not entitled to take a tip credit against Plaintiff Beavers' and the Collective Members' minimum wages.

60. Defendants failed and/or refused to pay Plaintiff Beavers and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that they worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

61. As such, full applicable minimum wage for such time Plaintiff Beavers and the Collective Members worked is owed to them for the entire time they were employed by Defendants.

62. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff Beavers and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Beavers' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

63. Plaintiff Beavers and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

64. **WHEREFORE**, Plaintiff Beavers and the Collective Members request that this Court enter Judgment against Defendants Shima Limousine Services, Inc. and Defendant Michelle Carothers, in their favor:

    a. Awarding Plaintiff Beavers and the Collective Members minimum wage compensation in the amount due to them for all of their time worked while working at Shima Limousine Services , Inc.

    b. Awarding Plaintiff Beavers and the Collective Members liquidated damages in an amount equal to the minimum wage award;

    c. Awarding Plaintiff Beavers and the Collective Members reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff Beavers' and the Collective Members' costs incurred in this action;

  e. Awarding Plaintiff Beavers and the Collective Members pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  f. Awarding Plaintiff Beavers and the Collective Memberss post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

  g. For such other and further relief as the Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

  65. Plaintiff Beavers and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

  66. In a given workweek, and during each and every workweek, during which Plaintiff Beavers was employed by Defendants, Plaintiff Beavers regularly and consistently worked approximately twenty (20) hours of overtime per week, and Defendants did not pay Plaintiff Beavers one-and-one-half times his regular hourly rate for such time worked.

  67. For example, and upon information and belief, during the workweek of September 4, 2016, Plaintiff Beavers was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one-and-one-half times his regular hourly rate for all time he worked in excess of forty (40) hours.

  68. Defendants likewise had a consistent enterprise wide policy of requiring the Collective Members to work more than forty (40) hours in any given workweek and failing and/or refusing to compensate the Collective Members at one-and-one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

69. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff Beavers and the Collective Members overtime according to the provisions of the FLSA.

70. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff Beavers and the Collective Members in accordance with 29 U.S.C. § 207.

71. Although at this stage, Plaintiff Beavers and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff Beavers and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

72. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Beavers and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during their employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

73. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Beavers and the Collective Members a wage equal to one and one half times their regular hourly rate for all time spent performing labor for Defendants in excess of a regular 40-hour workweek.

74. As a result of Defendants failure or refusal to pay Plaintiff Beavers and the Collective Memberss a wage equal to one and one half times their regular hourly rate for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated

29 U.S.C. § 207(a). Plaintiff Beavers and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

75. **WHEREFORE**, Plaintiff Beavers and the Collective Members request that this Court enter Judgment against Defendants Shima Limousine Services, Inc. and Defendant Michelle Carothers, in their favor:

    a. Awarding Plaintiff Beavers and the Collective Members overtime compensation in the amount due to them for all of their time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times their regular rate while working at Shima Limousine Services , Inc.

    b. Awarding Plaintiff Beavers and the Collective Members liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff Beavers and the Collective Members reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiff Beavers' and the Collective Members' costs incurred in this action;

    e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff Beavers and the Collective Members post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 14th Day of February, 2018.

                THE BENDAU LAW FIRM, PLLC

By:   /s/ *Clifford P. Bendau, II*
       Clifford P. Bendau, II (OH# 0089601)
       THE BENDAU LAW FIRM PLLC
       P.O. Box 97066
       Phoenix, Arizona 85060
       Telephone AZ: (480) 382-5176
       Telephone OH: (216) 395-4226
       Facsimile: (602) 956-1409
       Email: cliffordbendau@bendaulaw.com

By:   /s/ *James L. Simon*
       James L. Simon (OH# 0089483)
       The Law Offices of Simon & Simon
       6000 Freedom Square Drive
       Freedom Square II – Suite 165
       Independence, Ohio 44131
       Telephone: (216) 525-8890
       Facsimile: (216) 642-5814
       Email: jameslsimonlaw@yahoo.com

*Counsel for Plaintiff*